IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHANNON WAGNER                                                                    PLAINTIFF

vs.                                         Civil No. 2:16-cv-02262

NANCY A. BERRYHILL                                                              DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Shannon Wagner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed her disability applications on November 17, 2014 (DIB) and on December 1, 2014 (SSI). (Tr. 11, 241-249). In these applications, Plaintiff alleges being disabled due to migraines, back problems, neck problems, feet problems, high blood pressure, a mini stroke, asthma, "female pain issues," obesity, and "gray matter effects motor skills." (Tr. 265). Plaintiff alleges an onset date of April 20, 2013. (Tr. 11). These applications were denied initially and again

1

upon reconsideration. (Tr. 192-197).

Plaintiff requested an administrative hearing on her applications. (Tr. 197). This request was granted, and Plaintiff's administrative hearing was held on September 4, 2015 in Fort Smith, Arkansas. (Tr. 34-88). At this hearing, Plaintiff was present and was represented by Michael Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Floyd Massey testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 40). As for her education, Plaintiff testified she had obtained her GED. (Tr. 42-43).

On November 17, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 8-27). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2016. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 20, 2013, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: morbid obesity; migraines; hypertensive vascular disease; cervical, thoracic ,and lumbar degenerative disease; plantar fasciitis; GERD; diabetes mellitus; asthma "and/or" mild persistent reactive airway disease; obstructive sleep apnea; major depressive disorder; and anxiety. (Tr. 13-15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

2

the capacity to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift up to 20 pounds occasionally, lift or carry up to 10 pounds frequently, stand and/or walk up to two of eight hours or sit up to six hours with normal breaks; no climbing ladders, ropes or scaffolds; occasionally climb entry ramps and stairs; frequently balance; occasionally stoop, kneel and crouch; never crawl; avoid concentrated exposure to moving machinery or unprotected heights; no concentrated to exposure to extremes of heat/cold/wetness/humidity; no concentrated exposure to chemicals, fumes, dust, and other pulmonary irritants; frequently handle and finger bilaterally; can understand, remember, and carry out simple, routine and repetitive tasks but not at a production rate pace (e.g. assembly line work); can perform simple work-related decisions, use judgment, accept instructions; and can respond appropriately to changes in routine work settings.

*Id.*

Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 25, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 26-27, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such document preparer with 14,425 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of April 20, 2013 through the date of her decision or through November 17, 2015. (Tr. 27, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 6). On October 6, 2016, the Appeals Council denied her request for review. (Tr. 1-4). On November 8, 2016, Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 4, 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **<u>Discussion</u>:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10 at 1-6. Specifically, Plaintiff argues the following: (A) the ALJ improperly found her "mini stroke, possible MS, and white matter findings and the effects that the same have on her memory, concentration, persistence and pace, being non-severe"; (B) the ALJ erred in her RFC determination; and (C) the ALJ erred in assessing her subjective complaints. *Id.* The Court will address each of these arguments.

    **A.**    **Severe Impairments**

Plaintiff claims the ALJ erred in finding her "mini stroke, possible MS, and white matter findings" were non-severe impairments. ECF No. 10 at 2. In her appeal brief, Plaintiff does not

5

provide any argument or evidentiary support for this claim. *Id.* Instead, Plaintiff supplies the bare claim that these impairments should have been found to be severe. *Id.*

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

In these case, Plaintiff has offered no demonstration that her impairments are any more than "slight abnormalities" that do not significantly limit basic work activity. Thus, the Court finds no basis for reversal on this issue.

**B.     RFC Determination**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 10 at 2-5. Specifically, Plaintiff claims the ALJ erred in assessing her RFC by discounting the findings of Dr. Walz and Mr. Derusse. *Id.*

As an initial matter, and upon a review of the transcript in this matter, Dr. Walz completed a mental diagnostic evaluation on February 18, 2015 as a part of a one-time consultative evaluation. (Tr. 405-409). Because Dr. Walz was merely a consulting physician, the ALJ was under no obligation to adopt her findings. *See, e.g., Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998) (recognizing the limited weight that may be attributed to a consulting physician). Furthermore, upon

review of her actual report, Dr. Walz's findings do not even compel a finding of disability. (Tr. 405-409).

Indeed, although Dr. Walz reported Plaintiff "seemed a little sedated," Plaintiff *herself* attributed that sedation to a medication she was taking, Decadron. (Tr. 405). Dr. Walz made no findings regarding this issue. Plaintiff also argues in her appeal brief that the ALJ should have sent her "for further testing to confirm whether or not the Decadron was actually the cause of the impairments, or whether it was simply Plaintiff's physical or mental conditions causing the issues." ECF No. 10 at 4. The ALJ, however, was certainly under no obligation to further investigate whether Decadron caused her sedation when Plaintiff affirmatively stated *it did indeed cause her sedation.*[1]

Plaintiff also complains about the ALJ's consideration of Mr. Derusse's findings. ECF No. 10 at 4. Upon review of this report, Mr. Derusse is licensed master social worker, not a medical doctor. (Tr. 536-537). Thus, he is not an "acceptable medical source" entitled to deference. *See, e.g.,* 20 C.F.R. § 404.1502(a) (2017). Furthermore, his opinions are no more than two pages in a check-list form, and he offers no substantive findings to support his conclusions. Thus, the Court cannot find the ALJ erred in choosing not to adopt these findings.

C. **Subjective Complaints**

Plaintiff argues the ALJ erred "by failing to conduct a proper, exclusive, credibility analysis as required by SSR 96-97p and Polaski v. Heckler, 739F 2d 1320 (8th Cir. 1984)." ECF No. 10 at 5-6. Despite this claim, the ALJ provided several valid reasons for discounting her subjective

---

[1] Apparently, Plaintiff stopped taking this medication before the hearing in this matter. (Tr. 72). It is unclear how her discontinued use of this medication has any bearing on Dr. Walz's findings since she *was* taking it when she was examined by Dr. Walz. Thus, the Court need not consider this issue.

7

complaints, including the fact Plaintiff had only received conservative care and was able to perform a number of daily activities, including dropping her kids off at school, taking care of four dogs, and doing a wide variety of household chores. (Tr. 15-25). Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2004) (recognizing the court should "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of December 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE